**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

RECEIVED

'17 JUL 21  PM 3: 00

**VOSS NAILING**

**(PLAINTIFF)**

**VS.**                                                 **CIVIL ACTION NO. _____**                    __

**SAN DIEGO PROPERTY INVESTORS, INC.**

**(DEFENDANT)**

# JURY DEMANDED

---

# COMPLAINT

---

1. COMES NOW, Plaintiff and brings this action against his former employer for employment discrimination based upon his race, (African American), age (55) and for retaliation after engaging in protected activity all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. {2000e-16 and 29 C.F.R. {{1614.101 (a) and (b) and The Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 to 29 U.S.C. § 634).  Jurisdiction is specifically conferred on the court by 42 U.S.C.} 2000e-5. Equitable and other relief are also sought under 42 U.S. C. {2000e-5(g).

2. Plaintiff, is an African American male and a citizen of the United States and resides at 3586 Vivia Avenue Memphis, Tennessee 38122, Phone number is 901 270-2700.

3. Defendant, Meridian Property Management, LLC ("MPM") is a subsidiary of Meridian Pacific Properties, Inc. a real estate investment company founded in 2006 that sells premium, turnkey single family investment properties to investors nationwide.

1

Defendant was formed in 2012 to answer the need for a property management company
devoted specifically to the interests of Meridian Pacific Properties investors. Met with
success, Defendant rapidly expanded across Memphis, TN, and DeSoto, MS. To date,
Defendant manages over 450+ single family properties for 170+ Meridian Pacific investors
and third-party clients. Defendant allows owners to enjoy the financial benefits of a well-
managed investment property without being involved in the day-to-day maintenance and
upkeep.

4.  Defendant's corporate office Meridian Pacific Properties Inc's headquarters is listed as 910
    W. San Marcos Blvd., Suite 20; San Maros, California 92078

5.  Plaintiff was employed by the defendant in its Memphis location 2760 Colony Park,
    Memphis, Tennessee 38109 with a phone number listed as 901 300-3266.

6.  Defendant unlawfully discriminated against plaintiff in the manner indicated in paragraphs 9
    and 10 of the compliant that resulted in Plaintiff being subjected to unjust, unmerited,
    unwarranted and unlawful discriminatory employment and personnel decisions that created
    adverse employment determination, namely termination.

7.  Plaintiff filed timely charges against the Defendant when he timely and properly filed with
    the EEOC on March13, 2015 **Exhibit # 1**. The EEOC issued Plaintiff a Right to Sue on
    March 20, 2017. **Exhibit # 2.**    Plaintiff was terminated on March 11, 2015.

Equitable Tolling Invoked

The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control. Roberston v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000)).    In Tennessee, equitable tolling may excuse a late filing. Jones v. Truck Drivers Local Union No. 299, 748 F.2d 1083 (6th Cir. 1984). The doctrine of equitable tolling "is used sparingly by federal courts" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." Id. at 784.   The Sixth Circuit has adopted a test for analyzing equitable tolling claims.   The factors to be considered are "'(1) lack of actual notice of filing requirement; (2) lack of constructive notice of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'"   Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005) (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).   "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'"   Id. (quoting King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004)).

Plaintiff has facts that are sufficient to demonstrate that equitable tolling relief is respectfully warranted, preventing the filing to be dismiss as an untimely claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The reasons are as follows.

Pro Se Plaintiff sought representation form Counsel to provide guidance in providing the correct content to place in his EEOC Charge of Discrimination and interface with the

Employer to seek dispute resolution and interface with the EEOC on his behalf, Although Plaintiff was notified, agreed and understood that guidance and assistance would be provided in the content of his Pro Se Lawsuit only, Plaintiff through no fought of his own due to circumstances beyond his control.

a) Plaintiff 's Right to Sue was addressed to an address different from the address that was on his Charge of Discrimination

b) Plaintiff's case was transferred to Little Rock's EEOC

c) On January 10, 2017 Plaintiff's through its EEOC representative requested Status on Case to EEOC.

d) On March 29, 2017 Plaintiff's through its EEOC representative requested Status on Case to EEOC.

e) On March 30, 2017 Plaintiff's through its EEOC representative requested investigative file.

f) On March 30, 2017 Plaintiff's through its EEOC representative for the first time learned that File was closed on March 20, 2017. Plaintiff's EEOC representative did not receive the March 20, 2017 Right to Sue and the Right to sue was not received by Plaintiff as it was sent to the wrong address.

g) However, in direct contradiction, on April 1, 2017 Plaintiff notified its EEOC representative that he was contacted by the EEOC Little Rock Office a week prior and he was informed that a new investigator would be handling his case from now on. The investigator was different from the original assigned

    Investigator that Plaintiff's EEOC representative was seeking a status update on several.

h) On April 26, 2017, Plaintiff received notification form EEOC requesting an extension on the FOIA request that stated documents would be receive by May 11, 2017.

i) On May 31, 2017 Plaintiff's through its EEOC representative received EEOC response to the March 30th request.

j) On June 7, 2017 Plaintiff's through its EEOC representative received a copy of the Right to Sue.

k) Plaintiff's Right to Sue was mailed to Plaintiff at a different address.

l) The Right to Sue was NOT addressed nor mailed to Plaintiff's EEOC representative as the FOIA  March 31, 2017  and April 26, 2017 EEOC communication was.

m) Plaintiff was required to file his civil action with the Right to Sue notice.

Under Title VII, once an individual files a charge alleging unlawful employment practices, the EEOC must investigate the charge and determine whether there is "reasonable cause" to believe that it is true.   See 42 U.S.C. §  2000e-5(b) (1998).   By filing a charge, an individual does not file a complaint seeking relief, but merely informs the EEOC of possible discrimination.   See EEOC v. Shell Oil Co., 466 U.S. 54, 68, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984).   If the EEOC finds "reasonable cause" to believe an employer has violated Title VII but chooses not to bring suit on behalf of the federal government, the EEOC will issue a "notice of right to sue" on the charge to the aggrieved party.   See 29 C.F.R. §  1601.28(b) (1998).   An individual may not file

suit under Title VII if he does not possess a "right to sue" letter from the EEOC. See Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032 (6th Cir.1998).

Therefore, for 180 days after the filing of a charge, the EEOC retains "exclusive" jurisdiction over the subject matter of that charge.  General Tel. Co. v. EEOC, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

Title VII of the Civil Rights Act of 1964 provides that if the EEOC investigates and dismisses a charge of discrimination, then it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved . " 42 U.S.C. § 2000e-5(f)(1).  Under Federal Rule of Civil Procedure 6(d), three days are added to this ninety-day period.  Further, "the Sixth Circuit allots two days for postal delivery of an RTS notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e)."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 558, n.9 (6th Cir. 2000).

Plaintiff asserts respectfully that any action to dismiss would not be proper or appropriate under Rule 12(b)(6) where it is not apparent from the face of the complaint that the statute of limitations has run."

It is well-established in the Sixth Circuit that actual receipt of an RTS notice is not required before the ninety-day limitations period begins to run.  Reed, 2012 WL 5378379 at *3; see

also Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (Cir. 1986) ("We are not inclined toward an inflexible rule requiring actual receipt of notice by a claimant before the time

period begins to run."). Rather, there is a "rebuttable presumption that the plaintiff receives the right to sue notification within five (5) days of the EEOC mailing the notice."

Satisfying the ninety-day statute of limitations is not a jurisdictional prerequisite to filing a complaint, but rather a requirement that is subject to waiver, estoppel, and equitable

tolling. Zipes v. Trans. World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 819 (2013) (quoting Zipes, 455 U.S. at 394) (reiterating a statute establishing a filing deadline "does not speak in jurisdictional terms") (internal quotation marks omitted). A statute of limitations may be tolled based on equitable considerations. Snow v. Napolitano, No. 10-02530, 2013 U.S. Dist. LEXIS 97487, at *5 (W.D. Tenn. July 11, 2013). The doctrine is available only in "compelling cases that justify a departure from established procedures." Warith v. Amalgamated Transit Union Local Chapter 268, No. 1:13 CV 985, 2013 WL 2443780, at *3 (N.D. Ohio June 4, 2013) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481 (6th Cir. 1989)). The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Plummer v. Warren, 463 F. App'x 501, 504 (6th Cir. 2012) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010 (internal quotation marks omitted).

Factoring in the presumptive five-day mailing period, the ninety-day statute of limitations on Plaintiff's Title VII claim has not run yet. Plaintiff asserts that he did not actually receive his RTS notice until May 31, 2017 outside the five-day mailing period due to the move of his complaint from Memphis Office to EEOC office and the change of Federal Investigators that

may not have shared his change of address. <u>Plaintiff could not file suit under Title VII where he did not possess a "right to sue" letter from the EEOC.</u>

Plaintiff argues the application of equitable tolling since he has NOT failed to act diligently

Plaintiff actually received his RTS notice on June 7, 2017. Plaintiff is indeed filing his complaint before the limitations period expires and such action warrants the application of equitable tolling if the Court deems he has not.

See Brown, 466 U.S. at 151. Plaintiff asserts an absence of prejudice to the defendant is applicable.

8. Because of plaintiff's (1) ___ **X** _ __ Race, (2) _____color, (3) _ sex, (4) ___religion, (5) ___national origin (6) ___ _ (7) __ _Disability; _ **X** _ Age; (8) _ **X** _Retaliation, Defendant:

      (a)_____ failed to employ plaintiff.

      (b) ___ **X** ____terminated plaintiff's employment.

      (c)____ ____failed to promote Plaintiff

      (d)____ ____subjected Plaintiff to unlawful disciplinary actions when

Defendant discriminated against Plaintiff based on race and reprisal (prior EEO activity) when he did not get promoted and received disciplinary action.

      (e)____ **X** ____subjected Plaintiff to unlawful discrimination. Defendant

discriminated against Plaintiff based on his race, age and later discriminated against him.

9. The circumstances under which the defendant discriminated against plaintiff are as follows: (all supportive documents referenced in paragraph 9 are all found in **Collective Exhibit 3**

a.   Plaintiff was hired by the Defendant on May 13, 2014 as a General Maintenance employee.

b.   When hired, Plaintiff was informed that he could not obtain health insurance until after six months of employment.

c.   The Defendant's African American employee (Christopher Ross) was also informed by the Defendant upon hire that health insurance would not begin until six months of employment.

d.   Plaintiff made several inquiries to the Defendant's management regarding obtaining health insurance to no avail.

e.   In June 2014, the Defendant hired a Caucasian General Maintenance employee (Wayne Moore) who received health insurance on the date of hire.

f.   Plaintiff was forced to purchase health insurance independently in August 2014.

g.   Plaintiff was subjected to age related comments by Defendant's employees and maintenance supervisor (Michal Snipes).

h.   In October 2014, Plaintiff was called "grumpy old man" by Defendant's maintenance supervisor (Michal Snipes).

i.   Plaintiff was ridiculed by the Defendant's maintenance supervisor (Michal Snipes).

j.   Plaintiff received derogatory remarks towards the appearance of Plaintiff's completed work by the Defendant's maintenance supervisor (Michal Snipes).

k.   At an employee meeting, the Defendant's management (Hope Reyes) publicly laughed at Plaintiff's suggestions to improve the quality of work and decrease the Defendant's liability.

a.   Plaintiff was hired by the Defendant on May 13, 2014 as a General Maintenance employee.

b.   When hired, Plaintiff was informed that he could not obtain health insurance until after six months of employment.

c.   The Defendant's African American employee (Christopher Ross) was also informed by the Defendant upon hire that health insurance would not begin until six months of employment.

d.   Plaintiff made several inquiries to the Defendant's management regarding obtaining health insurance to no avail.

e.   In June 2014, the Defendant hired a Caucasian General Maintenance employee (Wayne Moore) who received health insurance on the date of hire.

f.   Plaintiff was forced to purchase health insurance independently in August 2014.

g.   Plaintiff was subjected to age related comments by Defendant's employees and maintenance supervisor (Michal Snipes).

h.   In October 2014, Plaintiff was called "grumpy old man" by Defendant's maintenance supervisor (Michal Snipes).

i.   Plaintiff was ridiculed by the Defendant's maintenance supervisor (Michal Snipes).

j.   Plaintiff received derogatory remarks towards the appearance of Plaintiff's completed work by the Defendant's maintenance supervisor (Michal Snipes).

k.   At an employee meeting, the Defendant's management (Hope Reyes) publicly laughed at Plaintiff's suggestions to improve the quality of work and decrease the Defendant's liability.

9

l.  The Defendant's Caucasian General Maintenance employee (Wayne Moore) received favoritism from the Defendant's management.

m. The Defendant's Caucasian General Maintenance employee (Wayne Moore) received more drive mileage and work orders in comparison to Plaintiff.

n.  Plaintiff was often instructed to correct the errors made by the Defendant's Caucasian General Maintenance employee (Wayne Moore).

o.  Plaintiff received a ten day suspension from the Defendant.

p.  Prior to Plaintiff's suspension, Plaintiff was not warned verbally or in writing of Plaintiff's work performance.

q.  Plaintiff was received a written final warning from the Defendant on December 30, 2014.

r.  Plaintiff had not received any verbal or written warnings prior to the final warning issued to Plaintiff by the Defendant on December 30, 2014.

s.  Plaintiff was discharged on May 7, 2015 for failing to perform his assigned job duties.

t.  Plaintiff was unaware that Plaintiff's job was in jeopardy prior to being terminated.

u.  Plaintiff did not willfully of uncontrollably breach Plaintiff's duties of employment.

v.  Plaintiff completed job duties within the allotted time frame.

w. The Defendant was not repeatedly forced to remove Plaintiff from the project and assign another technician in Plaintiff's place.

x.  Plaintiff was not given opportunities to correct Plaintiff's callbacks.

y.  The Defendant's Caucasian employee (Wayne Moore) was often allowed to fix call backs and remain at a site for several days.

z.  The Defendant's Caucasian employee (Wayne Moore) blatantly refused to complete a work assignment and was not subsequently reprimanded by the Defendant.

aa. Plaintiff was denied unemployment benefits after Plaintiff's termination.

10. The acts set forth in paragraphs 9 of this complaint:

    (a) __ __ are still being committed by defendant.

    (b)__ _ **X** ___ are no longer being committed by defendant.

    (c)__ _____may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges (formal Complaint) filed with the

    **WHEREFORE**, Plaintiff prays that the following relief be granted following a jury in

    his favor:

        (a)____ Defendant be directed to employ plaintiff,

        (b)__ __Defendant be directed to re-employ plaintiff,

        (c)__ **X** __ Defendant be directed to promote plaintiff effective immediately.

        (d) **X** ____**Defendant** be directed to pay:

1.) Compensatory damages against Defendant in an amount to be determined by the jury but not less than three hundred thousand dollars $300,000; 2) Any and all other pecuniary losses proximately caused by Defendant's unlawful conduct; 3.) Punitive damages against Defendant in an amount of one (1) million dollars or a punitive amount to be determined by the jury if the Jury finds the Defendant engaged in intentional, malicious and reckless acts of discrimination without regard to Plaintiff professional character, integrity and documented skill set 4.) All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under

actions brought pursuant to 42 U.S.C. § 1981; 5) Such further relief as is deemed just and proper and appropriate including injunctive relief.

*M. Voss Nailing*

**Plaintiff Signature**

**Printed Name** *Mr. Voss Nailing*

**Plaintiff Address** *7512 Val Marie*

*Memphis, TN  38133*

**Plaintiff Phone** *901 - 270-2700*

Date: *07/21/2017*

12